82,491-01

To the Honorable Sharon Keller,

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 25 2015

Abel Acosta, Clerk

I am writing to you in regards to my writ of Habeas Corpus that has been sent to your Court of Criminal Appeals there in Austin, Texas. I have a file copy of the official notice from my lawyer, John W. Stickels, that y'all have received and presented my application for 11.07 Writ of Habeas Corpus to the Court on 11/26/14. I am currently on parole for this charge I am seeking relief from. Enclosed I will be sending you copies of all the paper work I have on this matter so this will save you time from having to look it up yourself I am currently being held in the Comanche County Jail in Comanche, Texas on a blue warrant from parole and a new charge of failure to register as a Sex-offender, State Jail Felony, that will be dismissed as soon as y'all grant me relief from my original conviction of "Online Solicitation of a Minor", in which your Court of Criminal Appeals holds that Sec. 33.021(b) is unconstitutional on it's face, in which I am confined under this unconstitutional statute. I have been incarcerated 6 months now, since 9/16/14, waiting for my relief to be granted. I'm kinda stuck in a hard place right now because I can't bond out on

P.S. My Appellate attorney has informed that there is no time limit in which for y'all to give me an answer. That means I could be here several more months or even years until y'all get around to it. Please don't make me wait that long! Please help me now to grant my relief ASAP. the Parole "blue" warrant because there is no bond, and can't be reinstated on parole while I wait for y'all's relief to be granted because of the new charge. So basically I'm stuck here in jail while I wait for y'all to grant me the relief I deserve. I was trying to take care of this problem from the world before I got arrested so I could still take care of my family. My lawyer told me it would take only 30-45 days, not 6 months or more. Mrs. Keller, why is this matter taking so long? Is there any way you can please help me out on speeding this up so I can be taking care of my family like a man should?! I have a wife and 3 kids under the age of 5, one is a baby that was born 2 weeks after I got arrested, that need their husband and Daddy out there taking care of them and making sure they're safe! I do not see what the hold up is or why it's taking so long to approve my relief on something that your court holds unconstitutional!! Please find it in your heart to help a young family man out and push my application thru PLEASE!! My wife is so stressed out right now and I'm afraid I'm gonna lose my family if I stay in jail any longer!! Thank you for your time & God Bless You.
Sincerly, Derek Marshall Elmore

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS FILE COPY
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

**11/26/2014**
**ELMORE, DEREK MARSHALL Tr. Ct. No. CR07538A** WR-82,491-01
On this day, the application for 11.07 Writ of Habeas Corpus has been received and presented to the Court.

Abel Acosta, Clerk

JOHN W. STICKELS
STICKELS & ASSOCIATES, P.C.
770 NORTH FIELDER ROAD
ARLINGTON, TX 76012
* DELIVERED VIA E-MAIL *

## NO. CR-07538

| | | |
|---|---|---|
| **EX PARTE** | § | **IN THE 220TH JUDICIAL** |
| | § | |
| | § | |
| | § | **DISTRICT COURT OF** |
| | § | |
| **DEREK MARSHALL ELMORE** | § | |
| | § | **HAMILTON COUNTY, TEXAS** |

### MEMORANDUM

1. The Court finds that the applicant was convicted under a statute (Texas Penal Code §33.021(b)) that has been declared facially unconstitutional.

2. The Court recommends that the applicant's ground for relief be granted, and his conviction for online solicitation of a minor be set aside.

### ORDER

The Court directs the post-conviction writ clerk to:

1. File these findings and transmit them along with the current writ transcript to the Clerk of the Court of Criminal Appeals as required by law.

2. Furnish a copy of this order to the appellant's counsel, the Hon. John W. Stickels, 770 North Fielder Rd., Arlington, Texas 76012; and to the Hamilton County District Attorney's Office.

SIGNED AND ENTERED THIS _____ day of _____, 2014.

_____
JUDGE PRESIDING

Case No. _____
(The Clerk of the convicting court will fill this line in.)


# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07


NAME:  Derek Marshall Elmore

DATE OF BIRTH: November 1, 1984

PLACE OF CONFINEMENT: _____

TDCJ-CID NUMBER: 1735065_____ SID NUMBER: 07878872

(1)    This application concerns (check all that apply):

☑    a conviction                ☐    parole

☐    a sentence                 ☐    mandatory supervision

☐    time credit                ☐    out-of-time appeal or petition for
                                      discretionary review


(2)    What district court entered the judgment of the conviction you want relief from?
       (Include the court number and county.)


       220th Judicial District Court, Hamilton County

(3)    What was the case number in the trial court?


       CR-07538

(4)    What was the name of the trial judge?


       Honorable James Morgan

(5)     Were you represented by counsel? If yes, provide the attorney's name:

Yes, Ricky Bryan

(6)     What was the date that the judgment was entered?

August 19, 2009

(7)     For what offense were you convicted and what was the sentence?

Online Solicitation of a Minor, TX Penal Code §33.021(f), 10 years

(8)     If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

N/A

(9)     What was the plea you entered? (Check one.)

☐ guilty-open plea          ☐ guilty-plea bargain
☐ not guilty               ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

(10)    What kind of trial did you have?

☑ no jury                   ☐ jury for guilt and punishment
                            ☐ jury for guilt, judge for punishment

2

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

N/A

(12) Did you appeal from the judgment of conviction?

☐ yes                              ☒ no

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to?        N/A

(B) What was the case number?        N/A

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:

N/A

(D) What was the decision and the date of the decision?        N/A

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes                              ☒ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number?        N/A

(B) What was the decision and the date of the decision?        N/A

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☐ yes                              X no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number? _____

3

(B)  What was the decision and the date of the decision?  _____

(C)  Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

_____

_____

_____

_____

(15)  Do you currently have any petition or appeal pending in any other state or federal court?

☐  yes                        X  no

If you answered yes, please provide the name of the court and the case number:

_____

(16)  If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐  yes                        ☐  no

If you answered yes, answer the following questions:

(A)  What date did you present the claim?  _____

(B)  Did you receive a decision and, if yes, what was the date of the decision?

_____

If you answered no, please explain why you have not submitted your claim:

4



(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

**GROUND ONE:**

Applicant was convicted under a state statute (Texas Penal Code, Sec. 33.021(f)) that has since been held to be facially unconstitutional by the Texas Court of Criminal Appeals.

**FACTS SUPPORTING GROUND ONE:**

Applicant was charged in a one count indictment, filed on March 9, 2009, for online solicitation of a minor in violation of Texas Penal Code, Sec. 33.021(f) ("distribute sexually explicit material to a minor" subsection). On August 19, 2009, Applicant was adjudicated guilty to count one and was sentenced to 10 years TDC which after conviction, was suspended for a term of 10 years and was placed on community supervision pursuant to Art. 42.12 §3, C.C.P. The Texas Court of Criminal Appeals holds that Sec. 33.021(b) is unconstitutional on its face because it is over broad and criminalizes constitutionally protected speech in violation of the First Amendment to the United States Constitution. Applicant is therefore confined solely under a statute that has now been held to be unconstitutional on its face. Applicant should be granted relief.

6

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF <u>TARRANT</u>

<u>JOHN W. STICKELS</u> being duly sworn, under oath says: 'I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS 7ᵀᴴ DAY OF OCTOBER, 2014

MAYRA TORRES
Notary Public,
State of Texas
Comm. Exp. 10-31-14

_____
Signature of Notary Public

7

**PETITIONER'S INFORMATION**

Petitioner's printed name: <u>John W. Stickels</u>

State bar number, if applicable: <u>19225300</u>

Address:  <u>770 N. Fielder Rd.</u>

         <u>Arlington, Texas 76012</u>

         <u>john@stickelslaw.com</u>

Telephone: <u>(817) 479-9282</u>

Fax:     <u>(817) 622-8071</u>

**INMATE'S DECLARATION**

I, _____, am the applicant / petitioner (circle one) and

being presently incarcerated in _____, declare under penalty of

perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _____, 20_____ .

_____
Signature of Applicant / Petitioner (circle one)

8

**PETITIONER'S INFORMATION**

Petitioner's printed name:  John W. Stickels

Address:  770 N. Fielder Rd.

      Arlington, Texas 76012

      john@stickelslaw.com

Telephone:  (817) 479-9282

Fax:  (817) 622-8071

Signed on  _October 7_ , 20 _14_ .

_____
Signature of Petitioner

9